IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRIO VIDEO, LLC, an Illinois limited liability )
company, JOHN P. WALSH and GARY J. )
MEAGHER, )
)
        Plaintiffs, )
) No. 07 C 2719
   v. )
) Judge Robert W. Gettleman
NTL CAPITAL, LLC, a New York limited liability )
company, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Trio Video, LLC, and two of its members John P. Walsh and Gary J. Meagher ("plaintiffs") filed a complaint seeking declaratory judgment against defendant NTL Capital, LLC, ("defendant") regarding a lease entered into between plaintiffs and Terminal Marketing Company ("Terminal"). Defendant has moved to dismiss for lack of venue pursuant to Fed. R. Civ. P 12(b)(3) or, in the alternative to transfer pursuant to 28 U.S.C. § 1406(a). For the reasons discussed below, defendant's motion to dismiss is denied. In the interest of justice the case is transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

## FACTS[1]

According to the complaint, Trio, an Illinois limited liability company, is in the business of originating telecasts of professional and college sporting events for television networks and

---

[1] On a motion to dismiss for improper venue under rule 12(b)(3), a court takes all allegations in the complaint as true, draws any reasonable inferences from those facts in the plaintiffs' favor, and may examine facts outside the complaint. Nagel v. ADM Investor Services, Inc., 995 F. Supp. 837, 843 (N.D. Ill. 1998).

1

stations. Prior to November 2000, Trio entered in a number of equipment financing leases with Terminal. In November 2000, Terminal requested that Trio "do it the favor" of signing a $500,000 equipment financing lease which would not be operative unless and until they had an actual agreement to finance a purchase of specific equipment at which time the rent provision of the lease would be changed to reflect Terminal's actual cost of purchasing the equipment. Terminal sent plaintiffs a letter setting forth the terms of the requested lease, one of which was a detailed equipment list to be approved by Terminal. Terminal then sent another letter with enclosed documents to be executed by Trio. The enclosed documents that Trio needed to execute and return to Terminal included: the lease; a "Delivery & Acceptance Certificate"; and personal guarantees for Walsh and Meagher. The lease and the personal guarantees of Walsh and Meagher were signed and returned to Terminal. No equipment list was sent to Terminal, nor was the "Acceptance & Delivery Certificate" signed and sent to Terminal. Plaintiffs never did anything further to make the lease operative and, accordingly, there was never any equipment list approved by Terminal, never any equipment purchased by Terminal, never any equipment delivered to plaintiffs and never any rent due from plaintiffs pursuant to the Lease.

Three months after plaintiffs and Terminal entered into the lease, Terminal experienced financial problems and stopped its business operations. Plaintiffs heard nothing about the Lease until well over six years later when it received a notice from Wells Fargo Bank, NA, that it had sold the lease to defendant and that plaintiffs' payments should be sent to defendant. Defendant purchases problematic equipment financing leases at salvage prices and attempts to recover rent due from the lessees as a "good faith" assignee of such leases. Defendant became the "good faith" assignee for Terminal "without warranty, representation or recourse of any kind."

Defendant contacted plaintiffs with a default notice for the lease and a demand for "the immediate payment of a total amount due under the lease of $578,700.00." Plaintiffs denied liability on the grounds that: (1) the lease was never operative; (2) the lease did not form an enforceable contract because there was no agreement describing the leased equipment, which is an essential term of an equipment leasing contract; (3) plaintiffs did not breach the lease because pursuant to its terms rent was not due until delivery of the leased equipment to plaintiffs, which never occurred; and (4) defendant was not a "good faith" assignee. Defendant nevertheless continues to assert that plaintiffs owe rent under the lease and that it intends to file a lawsuit against plaintiffs.

## **DISCUSSION**

Plaintiffs filed a pre-emptive action in this court seeking a declaration that plaintiffs do not owe any money to defendant because the lease is invalid. Defendant has moved to dismiss for lack of venue or, in the alternative, to transfer venue based on a forum selection clause in the lease which provides:

> Choice of law. This lease shall be deemed to have been made in Rockland County, New York and shall be governed by the laws of the state of New York. Lessee hereby agrees that all actions or proceedings arising directly or indirectly form this lease shall be maintained only in courts within the State of New York, and Lessee hereby consents that all services of process may be made by certified or registered mail, return receipt requested, directed to Lessee at the address set forth on the face of this lease. Service so made shall be complete two (2) days after the same shall have been posted

In response, plaintiffs argue that the lease is not a valid contract, and therefore, the forum selection clause is not enforceable. Plaintiffs then assert that the standard venue rules pursuant to 28 U.S.C. §1391 apply, and that venue is proper under §1391(a)(2) because a substantial part of the events giving rise to the claim occurred in this district.

A forum selection clause in a contract is prima facie valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances. M/S Bremen v. Zapata Off-Shore Co., 92 S.Ct. 1907, 1913 (1972). In support of their argument that the clause is not enforceable, plaintiffs inexplicably rely on Northwestern Nat. Ins. Co. v. Donovan, 916 F. 2d 372, 375-76 (7th Cir. 1990), and IFC Credit Corp. v. Aliano Bros. General Contractors, Inc., 437 F. 3d 606, 610 (7th Cir. 2006), both of which upheld the forum selection clause at issue. Both those cases hold that a forum selection clause is like any other contractual provision and is subject to any sort of infirmity that justifies a court's refusal to enforce a contract. Thus, a forum selection clause is enforceable unless: (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of its day in court; or (3) enforcement would contravene a strong public policy of the forum in which the suit is brought declared by statute or judicial decision." AAR International Inc. v. Nimelias Enterprises, S. A., 250 F. 3d 510, 525 (7th Cir. 2001). Plaintiffs argue that the failure of the parties to prepare and include the list of equipment to be leased renders the entire lease, including the forum selection clause, void. Although plaintiff may be correct that the failure to identify the equipment and provide the list may result in the failure of defendant's claim, that issue must be litigated in the forum selected by the parties to the lease.

Plaintiffs also argue that the forum selection clause is unenforceable because the lease was procured by fraud. There is simply no evidence, however, that the forum selection clause itself was included in the lease as a result of fraud. Under the Bremen analysis, it is the inclusion

4

of the forum selection clause that must be the result of fraud, not simply the defendants' decision to enter the entire contract. Bremen, 407 U.S. at 12-13. To invalidate the clause, defendants must not merely show a fraudulent transaction, but fraud that goes to the selection of the forum. Rosenthal & Co. v. Rosario, 1987 WL 13606 at *4 (N.D. Ill. 1987). Plaintiff has failed to carry its burden. There is nothing about the clause itself that indicates fraud. The clause is the same size font as the rest of the terms and conditions of the lease, and the clause is located only a few lines above plaintiffs' signature. Further, there is evidence that the parties negotiated the lease itself, such as crossed-out and initialed provisions. One such provision is located only a few provisions above the forum selection clause. Because the forum selection clause itself was not induced by fraud, and none of the other exceptions apply, the clause is valid and enforceable.

The existence of a valid forum selection clause, however, does not itself render venue improper in this district. See Stewart Org., Inc v. Ricoh Corp., 487 U.S. 22, 29 n.8 (1988) (motion to dismiss under 28 U.S.C. § 1406(a) based on valid forum selection clause was properly denied because venue was proper under 28 U.S.C. § 1391(c)). A forum selection clause indicates only that the parties have agreed to the most convenient forum. The "signing of a valid forum selection clause is a waiver of the right to move for a change of venue [from the selected forum] on the grounds of inconvenience to the moving party." Northwestern National, 916 F.2d at 378 (citing Heller Financial Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989)). The corollary must also be true. The signing of a valid forum selection clause is a waiver of the right to defend against a motion to transfer to the selected forum on grounds of inconvenience to the opposing party. It does not mean, however, that the suit cannot be brought or heard in a forum other than the selected forum, if factors other than convenience of the parties

so justifies. "If there is inconvenience to some third party of which that third party might not even be aware, or to the judicial system itself, then either party to the suit is free to move for a change of venue." Id.

The complaint states that venue is proper because a substantial part of the events giving rise to the claim occurred in this district. Neither party, however, presents any further information, other than the language of the venue statute. Defendants moved this court to dismiss or, in the alternative, transfer the case pursuant to 28 U.S.C. § 1406(a). Because a forum selection clause does not divest this court from being a proper venue, defendant's motion to dismiss must be denied. Defendants have moved under §1406(a), which presumes that venue is improper, and therefore, that motion cannot be granted. In the interest of justice, however, the court has decide to treat defendant's alternative motion as being under 28 U.S.C. § 1404.

By signing the forum selection clause plaintiffs waived any right to defend against a motion to transfer to the selected forum on the basis of inconvenience to them. There is no indication that transferring the case would cause an inconvenience to any third party or the judicial system. In the interest of justice this case is transferred to the Southern District of New York as designated by the forum selection clause.

## CONCLUSION

For the reasons discussed above defendant's motion to dismiss is denied. The case is transferred to the Southern District of New York.

ENTER:     July 27, 2007

_____
Robert W. Gettleman
United States District Judge